IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

UNITED STATES OF AMERICA

v.                                                          NO. 1:26-CR-014-H

DAVID PETER ARMENTANO

## FACTUAL RESUME

In support of David Peter Armentano's plea of guilty to the offense in Count Two

of the Indictment, Armentano, the defendant, Christopher Solis, the defendant's attorney,

and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the Indictment, charging a violation

of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), that is, Possession of Child Pornography

Involving a Prepubescent Minor, the government must prove each of the following

elements beyond a reasonable doubt:[1]

| | |
|---|---|
| *First.* | That the defendant knowingly possessed an item or items that contain an image of child pornography, as alleged in the Indictment; |
| *Second.* | That the material was mailed, shipped, or transported using any means or facility of, or in or affecting, interstate or foreign commerce by any means, including by computer; |
| *Third.* | That when the defendant possessed the material, the defendant knew the material contained child pornography; and |

---

[1] Fifth Circuit Pattern Jury Instruction 2.85F (5th Cir. 2024).

**David Peter Armentano**
**Factual Resume—Page 1**

*Fourth.*     The material involved a prepubescent minor or a minor who had not attained 12 years of age.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral- genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an un- natural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

## STIPULATED FACTS

1.    David Peter Armentano (Armentano) admits and agrees that from on or about a date unknown to the grand jury and continuing to on or about August 29, 2024, in the Abilene Division of the Northern District of Texas, and elsewhere, he, the defendant, did knowingly possess materials, that is, a MaxTor external hard drive and an HP Spectre laptop, which contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor or a minor who had not attained 12 years of age, and which was mailed, shipped, or transported using any means or facility of, or in or affecting interstate or foreign commerce, by any means, including by computer, or that was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.  He did so in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

2.    In August 2024, the Eastland County Community Supervision Office contacted the Texas Department of Public Safety regarding a supervised probationer, David Peter Armentano.  Armentano was on probation and registering as a sex offender after a 2023 conviction for two counts of Possession of Child Pornography, in violation of Texas Penal Code Section 43.26(d). This prior conviction qualifies as a prior state offense "relating to the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography." Accordingly, Armentano is subject to the enhanced penalty in 18 U.S.C. § 2252A(b)(2).

**David Peter Armentano**
**Factual Resume—Page 3**

3.      Armentano's devices were monitored while he was on probation. The supervision office used software called RemoteCOM, which takes a screenshot of the device's screen every ten seconds. Those screenshots are then transferred to a data collection and monitoring center, which stores the screenshots for review by the supervision office. Additionally, the software has the capability to detect images or texts that are being accessed on the device, and it will "flag" images or text that fall within a pre-established set of parameters, for example, searches for child pornography.

4.      On August 27, 2024, officers were conducting a review of the RemoteCOM data from Armentano's HP Spectre laptop. Officers observed screenshots of Armentano's computer, which showed he was viewing child pornography.

5.      Officers applied for, and obtained, a state search warrant for Armentano's devices. On August 29, 2024, officers executed the search warrant and seized Armentano's HP Spectre laptop and his MaxTor external hard drive.

6.      On August 30, 2024, Armenano called officers, and the phone call was recorded. Armentano said that he knew what images were flagged in RemoteCOM. He said that he was just trying to look for visual references for characters in his books. He said that some of the images that appeared in a Google search were too small to see, so he saved them to his computer, he later examined them, determined he "didn't want to see them", and deleted them. He agreed those images were uncomfortable and may "cause an issue". When asked how old the female in the inappropriate images was, he said "no older than 14".

**David Peter Armentano**
**Factual Resume—Page 4**

7.      On September 16, 2024, officers reviewed the contents of a USB drive containing the keystroke and search data from the RemoteCOM software installed on Armentano's computer. Officers found numerous searches for images relating to nude minors.

8.      On August 23, 2024, Armentano searched "11-year-old in school bathroom showing pussy".

9.      Beginning in August 2025, Agent Steel with the Texas Department of Public Safety manually reviewed nearly 750,000 images on Armentano's devices. He found 123 images that depicted child pornography involving a prepubescent minor or a minor who had not attained 12 years of age.

10.      For example, Armentano possessed the following image:

a.      MD5 Hash: db145b8842c787904c84706cb09f5255

b.      Description: This image depicts the stomach, pubic area, and legs of an approximately four-to-eight-year-old female child victim. An adult's hand is visible in the frame, spreading the child victim's vagina open. The child victim is small in stature, and she has no pubic hair.

11.      Armentano admits that the image described in the above paragraph depicts child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), and that it involves a prepubescent minor or a minor who had not attained 12 years of age.

12.      Armentano further admits that he knowingly possessed child pornography. Armentano admits that the child pornography had been mailed, shipped, or transported using any means or facility of, or in or affecting interstate or foreign commerce, by any

**David Peter Armentano**
**Factual Resume—Page 5**

means, including by computer, and that it was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

13.    Armentano agrees that he committed all the essential elements of Count Two of the Indictment. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support Armentano's guilty plea to Count Two of the Indictment.

14.    Armentano further admits and agrees that he used the HP Spectre laptop and MaxTor external hard drive to commit the offense for which he is pleading guilty, and it is, therefore, subject to forfeiture under 18 U.S.C. § 2253(a). Armentano waives and abandons any and all right, title, claim or interest, he may have in this property.

**David Peter Armentano**
**Factual Resume—Page 6**

AGREED TO AND STIPULATED on this 23 day of April , 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

WHITNEY JAMES
Assistant United States Attorney
Arkansas State Bar No. 2017137
500 Chestnut Street, Suite 601
Abilene, Texas 79602
Telephone: 325-271-6700
E-mail: whitney.ohlhausen@usdoj.gov

DAVID PETER ARMENTANO
Defendant

4/21/2026
Date

CHRISTOPHER SOLIS
Attorney for Defendant

4/21/2026
Date